```
ROB BONTA, State Bar No. 202668
Attorney General of California
JANET N. CHEN, State Bar No. 283233
Supervising Deputy Attorney General
PATRICIA M. KEALY, State Bar No. 348201
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7366
 Fax: (916) 324-5205
 E-mail: Patricia.Kealy@doj.ca.gov
Attorneys for Defendant D. Caasi, R.N.
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **WILLIE LEE BROOKS, II,**<br><br>                             Plaintiff,<br><br>    v.<br><br>**CASSIE,**<br><br>                             Defendant. | 2:23-cv-00294-JDP (PC)<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Judge:         The Honorable Jeremy D. Peterson<br>Trial Date:    Not Set<br>Action Filed:  February 2, 2023 |

**ANSWER**

Defendant Caasi[1] answers Plaintiff's Complaint (ECF No. 1) as follows. Unless stated otherwise, except for those allegations that are expressly admitted, Defendant denies each and every allegation in Plaintiff's Complaint.

1.   In response to page 1[2] of the Complaint, Defendant admits that Plaintiff originally filed his Complaint as a supporting document in another lawsuit currently pending before this Court, *Gray v. Cassie, et al.* (E.D. Cal. No. 2:22-cv-0099). Defendant further admits that, as of

---

[1] Plaintiff misspelled Defendant Caasi's name as "Cassie.".
[2] Plaintiff's Complaint is handwritten. All references to page numbers herein refer to the Court's Electronic Case Filing System pagination.

1

February 2, 2023, when Plaintiff filed this Complaint, Plaintiff was incarcerated and housed at Mule Creek State Prison (MCSP).

2. In response to pages 2-6 of the Complaint, Defendant admits that Plaintiff had an available administrative remedy at MCSP and that Plaintiff filed health care grievance log number CHCF SC 22000037. Defendant lacks knowledge or information sufficient to form a belief about the authenticity or truth of the contents of the attachments and, on that basis, denies them.

3. In response to pages 7-9[3] of the Complaint, Defendant denies all of Plaintiff's allegations, except:

    a. Defendant admits that Plaintiff had an available administrative remedy at MCSP and that Plaintiff filed health care grievance log number CHCF SC 22000037. To the extent that Plaintiff's allegations relate to exhaustion of administrative remedies, Defendant lacks the knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations and, on that basis, denies them.

    b. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations regarding the legitimacy of any institutional investigation conducted in response to Plaintiff's allegations and Plaintiff's past sexual assault and, on that basis, denies them.

    c. Defendant admits that Plaintiff submitted a Prison Rape Elimination Act (PREA) allegation with the California Department of Corrections and Rehabilitation (CDCR) regarding the alleged incident underlying Plaintiff's Complaint.

    d. Defendant admits that he is a Registered Nurse at the California Health Care Facility and that on November 12, 2021, he saw Plaintiff at the outpatient clinic for a dermatology consultation.

---

[3] These pages consist of a health care grievance which Defendant lacks the knowledge to authenticate at this time. However, based on the Court's screening order (ECF No. 7), Defendant interprets the content of these pages as Plaintiff's substantive allegations and responds to them as such.

      e.     Defendant admits that a full examination of Plaintiff's body was conducted because Plaintiff was being seen for a generalized rash affecting his entire body. However, Defendant denies that he fondled Plaintiff or touched him in any inappropriate sexual manner as a part of this examination or otherwise.

      f.     Defendant admits that no other medical personnel were present during Plaintiff's examination. This was in accordance with institutional COVID-19 protocols in effect as of November 12, 2021.

      g.     Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations regarding his psychological injuries following November 12, 2021, and, on that basis, denies them.

**AFFIRMATIVE DEFENSES**

Defendant Caasi asserts the following as separate affirmative defenses to Plaintiff's Complaint:

1. Defendant is entitled to immunity or qualified immunity because no reasonable person in his respective position would believe that his conduct was unlawful and the law was not clearly established that Defendant could be held liable for such conduct.

2. To the extent Plaintiff suffered any damages, he failed to mitigate his damages.

3. To the extent Plaintiff suffered damages, his own conduct contributed to those damages.

4. The damages sustained by Plaintiff, if any, were fully or partly the fault of others, who are not parties to this lawsuit. The identities of any such individuals may be determined in the course of discovery.

5. To the extent that Plaintiff is seeking damages against Defendant in his official capacity, Plaintiff's claim is barred by the Eleventh Amendment.

6. To the extent that Plaintiff's damages claims are based on mental or emotional injury, they must be dismissed because Plaintiff cannot show that Defendant's conduct caused him any physical injury, as required by 42 U.S.C. § 1997e(e).

7. To the extent that Plaintiff has previously litigated the issues raised in the Complaint, and those claims were finally determined, Plaintiff's claims are barred by the doctrines of res judicata or collateral estoppel.

8. Plaintiff failed to timely and properly exhaust his available administrative remedies before filing the operative Complaint.

Because Plaintiff's Complaint is couched in vague and conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this matter. Accordingly, the right to assert additional affirmative defenses, to the extent such affirmative defenses are applicable, is reserved.

**DEMAND FOR JURY TRIAL**

Under Federal Rule of Civil Procedure 38, Defendant Caasi demands that this action be tried by a jury.

**PRAYER FOR RELIEF**

Defendant Caasi prays that the Court provide the following relief:

1. That Plaintiff take nothing by reason of his Complaint, and that judgment be rendered in favor of Defendant;

2. That Defendant be awarded attorney's fees pursuant to 42 U.S.C. section 1988;

3. That Defendant be awarded costs of suit incurred in defense of this action; and

4. Any other relief as the Court deems just and proper.

Dated: November 27, 2023                    Respectfully submitted,

                                            ROB BONTA
                                            Attorney General of California
                                            JANET N. CHEN
                                            Supervising Deputy Attorney General

                                            */s/ Patricia M. Kealy*

                                            PATRICIA M. KEALY
                                            Deputy Attorney General
                                            *Attorneys for Defendant D. Caasi, R.N.*

SA2023302766
Answer v3 - revised (11.27.23).docx

# CERTIFICATE OF SERVICE

Case Name: **Willie Lee Brooks, II (P16665) v. Cassie**    No. **2:23-cv-00294-JDP (PC)**

I hereby certify that on November 27, 2023, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On November 27, 2023, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Willie Lee Brooks, II
CDCR #P16665
Mule Creek State Prison
P.O. Box 409099
Ione, CA  95640
In Pro Per

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on November 27, 2023, at Los Angeles, California.

| Lois E. Smith | /s/Lois E. Smith |
|---|---|
| Declarant | Signature |

SA2023302766\66403413.docx