|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| WILLIAM LEE BROOKS, II,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL CASSIE,<br><br>Defendant. | Case No. 2:23-cv-00294-JDP (PC)<br><br>**ORDER**<br><br>DIRECTING THE CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS MATTER<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S MOTION TO STRIKE BE GRANTED IN PART AND DENIED IN PART<br><br>ECF No. 25<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff moves to strike all eight affirmative defenses in defendant's answer. ECF No. 25. Defendant has filed an opposition, ECF No. 29, and plaintiff has filed a reply, ECF No. 32. I recommend that plaintiff's motion to strike be granted in part and denied in part. Should these recommendations be adopted, defendant may file an amended answer within twenty-one days.

**Legal Standards**

Federal Rule of Civil Procedure 12(f) provides that courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966-67 (9th Cir. 2014) (internal quotations omitted). An affirmative defense can be deficient either in pleading or as a matter of law. *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012). In terms of pleading, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). An affirmative defense is deficient as a matter of law only if it can be shown "that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Secs. & Exch. Comm'n v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). Motions to strike affirmative defenses are disfavored challenges, because they often amount to little more than a dilatory tactic. *See Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

**Analysis**

Plaintiff's motion challenges eight affirmative defenses. Defendant generally argues that each defense provided plaintiff with fair notice, that questions of fact and law are in dispute, and that plaintiff has not demonstrated that he will be prejudiced. ECF No. 29 at 2-3. Defendant fails to address any of plaintiff's individual arguments with respect to each affirmative defense. I will address each affirmative defense in turn.

    **A.    First Affirmative Defense**

Defendant's first affirmative defense reads "Defendant is entitled to immunity or qualified immunity because no reasonable person in his respective position would believe that his conduct was unlawful and the law was not clearly established that Defendant could be held liable for such conduct." ECF No. 23 at 3. Plaintiff argues that since defendant is being sued in his individual capacity, qualified immunity does not apply. ECF No. 25 at 2. Plaintiff also argues that even if the defense were to apply defendant is not entitled to qualified immunity because no reasonable state official could have believed that his or her conduct was lawful. *Id.*

Qualified immunity is a proper affirmative defense. *See Norwood v. Vance*, 591 F.3d 1062, 1075 (9th Cir. 2010) ("Qualified immunity is an affirmative defense that must be pleaded in the answer."). And contrary to plaintiff's argument, qualified immunity is a defense available to governmental officials sued in their individual capacities. *Cmty. House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 965 (9th Cir. 2010) (citing *Eng v. Cooley*, 552 F.3d 1062, 1064 n.1 (9th Cir. 2009); *Kentucky v. Graham*, 473 U.S. 159, 165-68 (1985)). Finally, a motion to strike will be granted if the affirmative defense fails to provide notice—it will not necessarily be granted based on the likelihood of success on the merits. *Smith v. Cobb*, No. 15-cv-00176-GPC, 2017 WL 3887420, at *5 (S.D. Cal. Sept. 5, 2017) ("Courts do not strike affirmative defenses simply because they will fail. The decision to strike is a question of notice to Plaintiff, not the likelihood of success on the merits."). Because qualified immunity is a well-known defense, pleading the defense alone puts plaintiff on notice, and thus I will not recommend striking it. *See Vogel v. Linden Optometry APC*, No. CV 13-00295 GAF (SHx), 2013 WL 1831686, at *5 (C.D. Cal. Apr. 30, 2013).

**B.     Second Affirmative Defense**

Defendant's second affirmative defense reads, "[t]o the extent Plaintiff suffered any damages, he failed to mitigate his damages." ECF No. 23 at 3. Plaintiff argues that mitigation is not required in sexual assault cases. ECF No. 25 at 2. I recommend that this defense be stricken because it lays no factual foundation and does not describe how plaintiff failed to mitigate his damages. *See Park v. Kitt*, No. 1:19-cv-01551-AWI-HBK (PC), 2021 WL 1210364, *4 (E.D. Cal. Mar. 31, 2021) ("[T]here are myriad ways in which a plaintiff can fail to mitigate damages. . . . A brief description of that factual basis should be included so that this defense is not 'fact barren.'").

**C.     Third Affirmative Defense**

Defendant's third affirmative defense reads, "[t]o the extent Plaintiff suffered damages, his own conduct contributed to those damages." ECF No. 23 at 3. Plaintiff again argues that he is a victim of sexual assault and thus this defense cannot apply to him. ECF No. 25 at 3. For the same reason as I recommend striking the second affirmative defense, I also recommend striking

3

this affirmative defense.

### D. Fourth Affirmative Defense

Defendant's fourth affirmative defense reads, "[t]he damages sustained by Plaintiff, if any, were fully or partly the fault of others, who are not parties to this lawsuit. The identities of any such individuals may be determined in the course of discovery." ECF No. 23 at 3. Plaintiff argues that defendant admits in his answer that no other medical personnel were present during plaintiff's examination, thus negating this defense. ECF No. 25 at 3. Defendant, meanwhile, does not identify any relevant non-parties or otherwise provide a factual basis for the defense. I recommend that this defense be stricken.

### E. Fifth Affirmative Defense

Defendant's fifth affirmative defense reads, "[t]o the extent that Plaintiff is seeking damages against Defendant in his official capacity, Plaintiff's claim is barred by the Eleventh Amendment." ECF No. 23 at 3. Plaintiff clarifies that he intends to only sue defendant in his individual capacity. ECF No. 25 at 3. With this understanding, this defense is stricken.

### F. Sixth Affirmative Defense

Defendant's sixth affirmative defense reads, "[t]o the extent that Plaintiff's damages claims are based on mental or emotional injury, they must be dismissed because Plaintiff cannot show that Defendant's conduct caused him any physical injury, as required by 42 U.S.C. § 1997e(e)." ECF No. 23 at 3. Plaintiff's claim of sexual assault is excluded from the physical injury requirement. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or *the commission of a sexual act*.") (emphasis added); *see Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020). I recommend that this defense be stricken.

### G. Seventh Affirmative Defense

Defendant's seventh affirmative defense reads, "[t]o the extent that Plaintiff has previously litigated the issues raised in the Complaint, and those claims were finally determined, Plaintiff's claims are barred by the doctrine of res judicata or collateral estoppel." ECF No. 23 at

4

4. This case was initiated when plaintiff filed a statement in another case explaining that defendant sexually assaulted him, just as defendant sexually assaulted the plaintiff in the other case. That, however, is not grounds for either res judicata or collateral estoppel. Further, defendant's conclusory legal assertions involving the defense of res judicata or collateral estoppel does not suffice to afford plaintiff fair notice of how it applies to this case. *See McCune v. Munirs Co.*, No. 2:12-cv-02733-GEB, 2013 WL 5467212 at *1 (E.D. Cal. Sept. 30, 2013) ("An affirmative defense which simply states a legal conclusion or theory . . . is insufficient to provide fair notice."). I recommend that this defense be stricken.

**H.     Eighth Affirmative Defense**

Defendant's eighth affirmative defense reads, "[p]laintiff failed to timely and properly exhaust his available administrative remedies before filing the operative Complaint." ECF No. 23 at 4. Plaintiff argues that he has exhausted his administrative remedies. ECF No. 25 at 3-4. Failure to exhaust administrative remedies is a proper affirmative defense to a claim brought by an inmate plaintiff. *Albino v. Baca*, 747 F.2d 1162, 1166 (9th Cir. 2014) (en banc). This defense has provided plaintiff with sufficient notice that defendant may argue that he failed to exhaust available administrative remedies before initiating this action, as required by 42 U.S.C. § 1997e(a). Consequently, this defense should not be stricken. *See Smith*, 2017 WL 3887420, at *5.

Accordingly, it is hereby ORDERED that the Clerk of Court randomly assign a district judge to this matter.

Further, it is hereby RECOMMENDED that:

1.     Plaintiff's motion to strike, ECF No. 25, be granted as to defendant's Second, Third, Fourth, Fifth, Sixth, and Seventh Affirmative Defenses, which are stricken with leave to amend and is denied as to defendant's First and Eighth Affirmative Defenses.

2.     Defendant be granted twenty-one days from the date of any order addressing these findings and recommendations to amend his answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     May 20, 2024                                    _____
                                                            JEREMY D. PETERSON
                                                            UNITED STATES MAGISTRATE JUDGE