ROB BONTA, State Bar No. 202668
Attorney General of California
JOANNA B. HOOD, State Bar No. 264078
Supervising Deputy Attorney General
PATRICIA M. KEALY, State Bar No. 348201
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7366
 Fax: (916) 324-5205
 E-mail: Patricia.Kealy@doj.ca.gov
*Attorneys for Defendant D. Caasi, R.N.*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **WILLIE LEE BROOKS, II,**<br><br>Plaintiff,<br><br>v.<br><br>**CASSIE,**<br><br>Defendant. | 2:23-cv-00294-KHM-JDP (PC)<br><br>**DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Judge: The Honorable Jeremy D. Peterson<br>Trial Date: Not Set<br>Action Filed: February 2, 2023 |

## INTRODUCTION

Defendant Caasi[1] filed his original answer to Plaintiff's complaint (ECF No. 1) on November 27, 2023. (ECF No. 22.) Defendant now files this amended answer in accordance with the District Judge's October 4, 2024 order. (ECF No. 45 at 2.)

## ANSWER

Defendant Caasi answers Plaintiff's complaint as follows. Unless stated otherwise, except for those allegations that are expressly admitted, Defendant denies each and every allegation in Plaintiff's complaint.

---

[1] Defendant Caasi's name is improperly spelt in Plaintiff's complaint and in the Court's docket.

1.      In response to page 1[2] of the complaint, Defendant admits that Plaintiff's complaint was originally filed as a supporting document in another lawsuit currently pending before this Court, *Gray v. Cassie, et al.* (E.D. Cal. No. 2:22-cv-0099). Defendant further admits that, as of February 2, 2023, when this lawsuit was opened and Plaintiff's complaint deemed filed, Plaintiff was incarcerated and housed at Mule Creek State Prison (MCSP).

2.      In response to pages 2-6 of the complaint, Defendant admits that Plaintiff had an available administrative remedy at the California Health Care Facility (CHCF), where the events underlying Plaintiff's complaint allegedly took place. Defendant further admits that Plaintiff submitted health care grievance log number CHCF SC 22000037, Plaintiff received an Institutional Level Response on February 23, 2022, Plaintiff received a Headquarters' Level Response on June 2, 2022, and that Plaintiff received effective communication from the institution.

3.      In response to pages 7-9 of the complaint, Defendant denies all of Plaintiff's allegations, except:

   a.   Defendant admits that Plaintiff had an available administrative remedy at CHCF and that Plaintiff submitted health care grievance log number CHCF SC 22000037 on January 22, 2022.

   b.   Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations regarding the legitimacy of any institutional investigation conducted in response to Plaintiff's grievance allegations and Plaintiff's past sexual assault and, on that basis, denies them.

   c.   Defendant admits that Plaintiff's health care grievance allegations were investigated as a Prison Rape Elimination Act (PREA) allegation by the California Department of Corrections and Rehabilitation (CDCR).

   d.   Defendant admits that he is a Registered Nurse at CHCF and that on November 12, 2021, he saw Plaintiff at the outpatient clinic for a telemedicine dermatology consultation.

---

[2] Plaintiff's complaint is handwritten. All references to page numbers herein refer to the Court's Electronic Case Filing System pagination.

   e. Defendant admits that an examination of Plaintiff's body was conducted because Plaintiff was being seen for a generalized rash affecting his entire body. However, Defendant denies that he fondled Plaintiff or touched him in any inappropriate sexual manner as a part of this examination or otherwise.

   f. Defendant admits that no other medical personnel were present during Plaintiff's examination. This was in accordance with institutional COVID-19 protocols in effect as of November 12, 2021.

   g. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations regarding his psychological injuries following November 12, 2021, and, on that basis, denies them.

## AFFIRMATIVE DEFENSES

Defendant Caasi asserts the following as separate affirmative defenses to Plaintiff's complaint. The affirmative defenses identified below are based on the facts and information currently known to Defendant:

  1. Defendant is entitled to immunity or qualified immunity because no reasonable person in his respective position would believe that his conduct was unlawful and the law was not clearly established that Defendant could be held liable for such conduct.

  2. To the extent Plaintiff suffered any damages, he failed to mitigate his damages. Plaintiff alleges he suffered emotional and physical distress as a result of Defendant Caasi's alleged actions. (Complaint at 9.) Defendant admits that Plaintiff spoke to mental health staff regarding his general allegations of sexual assault. However, to the extent that Plaintiff did not abide by the medical advice or treatment prescribed by his mental health clinician, whether in relation to his sexual assault allegations or to other potential mental health conditions, Plaintiff failed to mitigate his damages.

  3. To the extent Plaintiff suffered damages, his own conduct contributed to those damages. Plaintiff alleges he suffered emotional and physical distress as a result of Defendant Caasi's alleged actions. (Complaint at 9.) Defendant admits that Plaintiff spoke to mental health staff regarding his general allegations of sexual assault. However, to the extent that Plaintiff did

1  not abide by the medical advice or treatment prescribed by his mental health clinician, whether in
2  relation to his sexual assault allegations or to other potential mental health conditions, Plaintiff's
3  conduct contributed to those damages.

4      4.    Plaintiff failed to timely and properly exhaust his available administrative remedies
5  before filing the operative complaint.

6      Because Plaintiff's complaint is couched in vague and conclusory terms, Defendant cannot
7  fully anticipate all affirmative defenses that may be applicable to this matter. Accordingly, the
8  right to assert additional affirmative defenses, to the extent such affirmative defenses are
9  applicable, is reserved.

## DEMAND FOR JURY TRIAL

11      Under Federal Rule of Civil Procedure 38, Defendant Caasi demands that this action be
12  tried by a jury.

## PRAYER FOR RELIEF

14      Defendant Caasi prays that the Court provide the following relief:

15      1.    That Plaintiff take nothing by reason of his complaint, and that judgment be rendered
16  in favor of Defendant;

17      2.    That Defendant be awarded attorney's fees pursuant to 42 U.S.C. section 1988;

18      3.    That Defendant be awarded costs of suit incurred in defense of this action; and

19      4.    Any other relief as the Court deems just and proper.

20  Dated: October 25, 2024                        Respectfully submitted,

ROB BONTA
Attorney General of California
JOANNA B. HOOD
Supervising Deputy Attorney General

*/s/ Patricia M. Kealy*

PATRICIA M. KEALY
Deputy Attorney General
*Attorneys for Defendant D. Caasi, R.N.*

SA2023302766
38500147.docx

# CERTIFICATE OF SERVICE

| Case Name: | **Willie Lee Brooks, II (P16665) v. Cassie** | No. | **2:23-cv-00294-KHM-JDP (PC)** |
|---|---|---|---|

I hereby certify that on <u>October 25, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 25, 2024</u>, at Sacramento, California.

| T. Farster | */s/ T. Farster* |
|---|---|
| Declarant for eFiling | Signature |

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>October 25, 2024</u>, the foregoing document(s) have been mailed in the Office of the Attorney General's internal mail system, by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Willie Lee Brooks, II, P16665
California Health Care Facility - Stockton
P.O. Box 213040
Stockton, CA 95213
***In Pro Per***

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 25, 2024</u>, at Sacramento, California.

| I. Martinez | */s/ I. Martinez* |
|---|---|
| Declarant for Service by U.S. Mail | Signature |

SA2023302766
38505278.docx